LEE, Justice for the Court:
Thomas Franklin Collins, Lucius Edwards, Joanne McFarland McLeod, Robert Wooten Robison, Jr., and Hudson Lloyd Thomas filed suit in the Chancery Court of the First Judicial District of Hinds County against the Mississippi Board of Bar Admissions, Secretary of the Bar, and Bar Examiners alleging that complainants were qualified by reason of education to practice law, that they took the examination provided by the Board of Bar Examiners and failed to pass, that the action of the Bar Examiners was arbitrary and capricious and in violation of Section 14, Mississippi Constitution 1890, and the Fifth and Fourteenth Amendments to the United States Constitution.
They sought a preliminary and permanent injunction enjoining the defendants to grant procedural due process and allow them to inspect a copy of the questions and answers, and enjoining the Bar to issue a license to each of them to practice law.
*405 The question here is whether or not the legislative branch has encroached upon and usurped functions and duties of the judicial branch in providing requirements for a person to practice law, as stated in Sections 73-3-1, 73-3-3, 73-3-5, 73-3-7, 73-3-9, 73-3-11, 73-3-13, 73-3-15, 73-3-17, 73-3-19, 73-3-21, 73-3-23, 73-3-27, 73-3-29, 73-3-31 and 73-3-33, Mississippi Code Annotated (1972) (which implement those requirements).
A demurrer was filed to the bill of complaint, the chancellor sustained same, the complainants declined to plead further, suffered a dismissal of the bill and have appealed here.
On October 2, 1978, appellees filed a motion to dismiss appellants Thomas Franklin Collins, Joanne McFarland McLeod, and Hudson Lloyd Thomas, setting out that since perfection of the appeal they had passed a subsequent Bar examination and had been admitted to the Mississippi State Bar. On October 16, 1978, appellees moved to dismiss the appeal of Lucius Edwards on the ground that he had passed a subsequent Bar examination since perfection of the appeal and was to be admitted to the Mississippi State Bar. The appellees contend in said motions that the cause has become moot as to those appellants. The motions were passed until the cause is considered on-the merits.
The 1979 General Session of the Legislature adopted Section 3, Chapter 486 (House Bill 666), Mississippi General Laws (1979), which vested Bar admissions in the Supreme Court of Mississippi, set the qualifications of admission to the Bar, established a Board of Bar Admissions, provided that the Supreme Court appoint the Board of Bar Admissions, provided review for failing applicants, set fees for examination, and repealed all the above sections, which are the subject of this suit. The effective date of the new act is November 1, 1979, but in order to have the Board of Bar Admissions selected and ready to serve, the Mississippi Supreme Court, by order dated July 17, 1979, appointed nine (9) members to the Board of Bar Admissions for terms beginning November 1, 1979, as provided in Section 2(a) of the said act.
Mississippi Code Annotated Section 73-3-27, as amended (repealed by the new act), provides that the present Board of Bar Admissions meet in the City of Jackson on the last Wednesday in February and July, or at such other time in addition thereto as the Board may decide upon, for the purpose of examining applicants for a license to practice law. The last meeting of that board for the purpose of examining applicants was July 25, 1979, and there probably will be no other meeting of said board prior to November 1, 1979, the effective date of the new act.
Therefore, we are of the opinion that this cause is now moot due to the enactment of Section 3, Chapter 486 (House Bill 666), General Laws of Mississippi (1979), and to the fact that four (4) of the five (5) applicants have been admitted to the practice of law in the State of Mississippi, and that the appeal should be dismissed.
APPEAL DISMISSED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.